FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00188-RBJ

In Re: OTTO G. AICHINGER,

    Debtor.

SIMON E. RODRIGUEZ, as Chapter 7 Trustee,

    Plaintiff,

v.

OTTO G. AICHINGER, III and
PAULINE HAWTHORNE,

    Defendants.

## ORDER

This matter comes before the Court pursuant to Defendant Hawthorne's Motion to Withdraw Reference and Request for Trial by Jury [ECF No. 1]. The Court exercises jurisdiction pursuant to 28 U.S.C §§ 1331, 1334. For the following reasons, the motion is granted.

## BACKGROUND

On or about January 13, 2014 Otto G. Aichinger III voluntarily filed for Chapter 7 bankruptcy. [Case No. 14-10301-HRT]. On October 15, 2014 the bankruptcy trustee, Simon Rodriguez, filed an adversary proceeding within the bankruptcy action against Mr. Aichinger and his wife, Ms. Hawthorne. [Case No. 14-01512-HRT ECF No. 1]. An amended complaint in

that proceeding was filed on December 10, 2014. [Case No. 14-01512-HRT ECF No. 14]. The amended complaint lists ten causes of action including three claims of fraudulent and one claim of preferential transfer of property.[1] On January 6, 2015 Ms. Hawthorne moved to withdraw the reference by the district court and requested a trial by jury. [ECF No. 1].[2] Once the motion was fully briefed the bankruptcy court entered an order directing it to be referred to the district court. [Case No. 14-01512-HRT ECF No. 27]. At that time the case was assigned to me.

## ANALYSIS

The district court may withdraw, in whole or in part, any case or proceeding referred to a bankruptcy court on its own motion or on timely motion of any party, for cause shown. 28 U.S.C. § 157(d). In this case, Ms. Hawthorne timely moves to withdraw the Court's reference on the grounds that she is entitled to a jury trial on a number of the claims in the underlying adversary proceeding. The Court agrees with respect to the preferential and fraudulent transfer claims, which moots the other arguments put forward in the motion.

"[A] person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989). The Seventh Amendment preserves the right to a jury trial in actions in which legal rights are to be determined, as opposed to suits where equitable rights alone are at issue. *See id.* at 40–41. The Supreme Court has held that actions to recover monetary damages for preferential or fraudulent transfers concern legal,

---

[1] The Court pauses to note that some of these causes of action appear to be discovery requests (First and Second Claims for Relief) while others seem to be more appropriately made on motion in the underlying bankruptcy action at the termination of the adversary proceeding (Fifth and Sixth Claims for Relief). The Court asks that the parties consider whether these claims for relief should be stricken in a second amended complaint before moving forward with the action.

[2] Citations to the docket in the present case do not include the case number.

not equitable, rights. *See id.* at 43–46.  While preferential and fraudulent conveyances actions could be brought in equity, "suits to recover a definite sum of money" would not be decided by a court of equity because in those instances the petitioner "did not seek distinctively equitable remedies." *Id.* at 45.  In this case, the Seventh through Tenth claims for relief all seek the recovery of a definite sum of money: $523,892.47.  *See* Amended Complaint [ECF No. 1-1]. Therefore, these claims are legal in nature and give rise to the Seventh Amendment right to a jury trial.

The trustee contends that even if Ms. Hawthorne would otherwise be entitled to a jury trial on these claims, she waived this right by voluntarily submitting to the jurisdiction of the bankruptcy court when she filed a proof of claim in the underlying bankruptcy action.  On May 29, 2014 Ms. Hawthorne filed a proof of claim in the amount of $32,500 seeking reimbursement for a payment she made on behalf of Mr. Aichinger prepetition.  However, the payment is unrelated to the alleged fraudulent and preferential transfers at issue in the adversary proceeding.

Resolution of the trustee's action does not aid the bankruptcy court in determining whether to permit Ms. Hawthorne's claim as a creditor; the claims of improper transfer seek only to augment the estate.  Therefore, filing the proof of claim did not submit Ms. Hawthorne to the bankruptcy court's jurisdiction with respect to the claims of fraudulent and preferential transfer. *See In re Ball Four, Inc.*, No. 10-33952 EEB, 2013 WL 5716889, at *7 (Bankr. D. Colo. Oct. 18, 2013) *appeal denied sub nom. Ball Four, Inc. v. 2011-SIP-1 CRE/CADC Venture, LLC*, No. 13-CV-02810-RBJ, 2014 WL 1977976 (D. Colo. May 15, 2014) ("The fact that the Court has jurisdiction to hear two of the claims does not necessarily confer jurisdiction on it to hear the

remaining claims. The other claims . . . do not have to be heard in order to determine the allowance of [defendant's] proof of claim.").

In *Germain v. Connecticut Nat. Bank*, 988 F.2d 1323, 1329–30 (2d Cir. 1993), the Second Circuit explained that

> the *Katchen* [*v. Landy*, 382 U.S. 323 (1966)], *Granfinanciera*, and *Langenkamp* [*v. Culp*, 498 U.S. 42 (1990)] line of Supreme Court cases stands for the proposition that by filing a proof of claim a creditor forsakes its right to adjudicate before a jury any issue *that bears directly on the allowance* of that claim – and does so not so much on a theory of waiver as on the theory that the legal issue has been converted to an issue of equity. It is reasonable that a creditor or debtor who submits to the equity jurisdiction of the bankruptcy court thereby waives any right to a jury trial for the resolution of disputes vital to the bankruptcy process, such as those involving the determination of who is a valid creditor and which creditors are senior in the creditor hierarchy. We will not presume that the same creditor or debtor has knowingly and willingly surrendered its constitutional right to a jury trial for the resolution of disputes that are only incidentally related to the bankruptcy process.

The Court is persuaded by this reasoning, which likewise appears to underlie the *In re Ball Four* opinion quoted above. While Ms. Hawthorne filed a proof of claim in her husband's underlying bankruptcy action, the questions of preferential and fraudulent transfer go to the size of the estate, not to the validity of her claim as a creditor. And because these improper transfer claims are legal in nature, Ms. Hawthorne must be afforded a jury trial upon request. The motion to withdraw the reference must therefore be granted.

## ORDER

For the foregoing reasons, Defendant Hawthorne's Motion to Withdraw Reference and Request for Trial by Jury [ECF No. 1] is GRANTED. The Court further ORDERS that this adversary proceeding – Case No. 14-01512-HRT – be referred back to the bankruptcy court for

all pretrial matters, with dispositive rulings on non-core matters subject to review by this Court upon timely objection by either party.

DATED this 23rd day of February, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge