FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00188-RBJ

In Re: OTTO G. AICHINGER,

    Debtor.

SIMON E. RODRIGUEZ, as Chapter 7 Trustee,

    Plaintiff,

v.

OTTO G. AICHINGER, III and
PAULINE HAWTHORNE,

    Defendants.

## ORDER

    This case concerns one underlying adversary proceeding in the Chapter 7 bankruptcy of Otto G. Aichinger, III. On January 27, 2015, one of the defendants in the adversary proceeding, Pauline Hawthorne, moved to withdraw its reference from the bankruptcy court on the grounds that she had a right to a jury trial with respect to four claims brought against her for preferential and fraudulent transfers. The Court agreed and granted the motion. The Trustee now moves for leave to bring an interlocutory appeal of that order. For the following reasons, the motion is denied.

    A district court may certify an issue for interlocutory appeal in any civil case where it has concluded that its order (1) involves a controlling question of law (2) as to which there is

substantial grounds for difference of opinion (3) so long as an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b); *CGC Holding Co., LLC v. Hutchens*, 896 F. Supp. 2d 970, 972 (D. Colo. 2012).  The "party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002) (quoting *United States v. Nixon*, 418 U.S. 683, 690 (1974)).  "Unless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (internal quotation marks and citation omitted).

> The movant puts forward two questions for immediate appeal:
>
> 1. Whether a creditor who files a proof of claim waives a right to a jury trial in defending against fraudulent transfer and preferential transfer actions brought by a Chapter 7 trustee.
>
> 2. Whether claims brought by a Chapter 7 trustee for the recovery of fraudulent transfers and preferential transfers under the Bankruptcy Code are legal in nature and, consequently, give rise to the Seventh Amendment right to a jury trial such that the District Court must withdraw the matter from bankruptcy court pursuant to 28 U.S.C. § 157(d).

[ECF No. 9 at 2].  In its Reply, the Trustee effectively abandons the second question when it concedes that this Court has the power to withdraw the reference from bankruptcy on its own motion.  [ECF No. 13 at 4].  The real question, the Trustee insists, is whether Ms. Hawthorne is entitled to a jury trial.  *Id.*

The Court finds that the movant has failed to meet its burden because it has not established that an immediate appeal from the Court's order may materially advance the ultimate termination of the litigation.[1]  In fact, the only effect of an immediate appeal would be a determination as to whether the case against Ms. Hawthorne is tried to the bench or to a jury. The question as to whether Ms. Hawthorne made preferential or fraudulent transfers would still remain to be heard.  And the movant has made no allegation, let alone a showing, that allowing a jury instead of the bench to hear these claims could have serious, perhaps irreparable, consequences.  Let's also not forget that this is merely one underlying adversary proceeding in a much larger bankruptcy case, a case whose resolution could be protracted from an interlocutory appeal on this one peripheral matter.  As such, there seems to be little to be gained from certifying the question for interlocutory appeal.

Accordingly, it is hereby ORDERED that the Application for Leave to Bring an Interlocutory Appeal of this Court's February 23, 2015 Order [ECF No. 9] is DENIED.

DATED this 11th day of May, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

---

[1] The Court makes no findings with respect to whether the first two § 1292(b) elements have been shown.